IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORIO CARRIZALES, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>STATE FARM LLOYDS and STATE §<br>FARM LLOYDS, INC., §<br>Defendants. § | Civil Action No. 3:18-CV-0086-L |

### MEMORANDUM OPINION AND ORDER

By *Order of Reference*, filed February 7, 2018 (doc. 7), before the Court for determination is *Defendant State Farm Lloyds' Verified Motion to Abate*, filed February 6, 2018 (doc. 5). Based on the relevant filings and applicable law, the motion is **GRANTED**.

### I. BACKGROUND[1]

This case arises out of a dispute over an insurance claim. (doc. 6 at 1.)[2] Gregorio Carrizales is the owner of an insurance policy issued by State Farm Lloyds and State Farm Lloyds, Inc. (Defendants). (*Id*. at 1-2.) On or around May 25, 2015, his home in Garland, Texas, sustained damages resulting from a storm, and he initiated an insurance claim under the policy on November 24, 2015. (doc. 6 at 2; 6-4 at 3.)

On January 26, 2016, Plaintiff's counsel sent a letter of representation to Defendants requesting various information relating to the claim. (doc. 6-3 at 3-4.) On March 15, 2016, he sent a demand letter asserting that the claim had been properly submitted, but Defendants "failed to pay for the damages; failed to properly account for all of the damages; and properly estimate the value

---

[1] The facts are taken from Defendants' motion and the attached letters from Plaintiff's attorneys. (*See* docs. 6; 6-3; 6-4.) These facts are uncontroverted.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of such damages." (doc. 6-4 at 3.) The letter stated that there was no reason to delay payment of the claim, and "withholding payment of undisputed benefits owed to [Plaintiff] even after receipt of this demand in an effort to effectuate a settlement is a clear violation of the contract." (*Id*.) Counsel estimated total damages in the amount of $29,806.64. (*See id*. at 5.) The letter further stated that its purpose was to resolve Plaintiff's claim, but if Defendants failed to respond to the letter with an acceptable settlement offer, counsel would recommend filing suit against Defendants. (*Id*.)

On December 6, 2017, Plaintiff filed his original petition against Defendants for breach of contract, breach of duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act (DTPA). (*See* docs. 1-2 at 2, 5-8; 6 at 2.) On January 12, 2018, Defendants removed the action to federal court based on diversity jurisdiction. (*See* doc.1.)

On February 6, 2018, Defendants filed a verified motion to abate asserting that the case should be abated until Plaintiff provides proper notice as required under the Texas Insurance Code. (doc. 6 at 1-2.) Plaintiff did not respond to the motion, and it is now ripe for consideration.

## II. MOTION TO ABATE

Defendants contend that abatement is required under section 542.005 of the Texas Insurance Code because Plaintiff failed to provide them "with proper pre-suit notice in compliance with [s]ection 542A.003(c)." (doc. 6 at 3-4.)

**A.**    **Sections 542A.003 & 542.005**[3]

Section 542A.003 of the Texas Insurance Code provides that "not later than the 61st day

---

[3] Tex. Ins. Code §§ 542A.003 & 542A.005, which became effective on September 1, 2017, were previously codified under Tex. Ins. Code §§ 541.154 & 541.155. The notice requirements of these sections did not change under the new versions.

2

before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person." Tex. Ins. Code § 542A.003(a). The notice must provide: "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant . . . ." *Id.* at § 542A.003(b). If notice is provided by an attorney or representative on the claimant's behalf, "the attorney or representative shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* at § 542A.003(c)(1). "The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer." *Rodriguez v. Metro. Lloyds Ins. Co. of Tex.*, No. 5:15-CV-143-C, 2015 WL 12699855, at *4 (N.D. Tex. July 27, 2015) (citing Tex. Ins. Code § 541.156).

Section 542A.005 allows a defendant to file a plea in abatement "not later than the 30th day after the date the [defendant] files an original answer in the court in which the action is pending . . . ." Tex. Ins. Code § 542A.005(a)(1). "The party seeking abatement has the burden of proof to establish the allegations in its motion." *In re Vanblarcum*, No. 13-15-00056-CV, 2015 WL 1869415, at *1 (Tex. App.—Corpus Christi Apr. 22, 2015, pet. denied) (mem. op.) (citing cases); *Southern Cty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 468–69 (Tex. App.—Corpus Christi 2000, no pet.) (citing *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex. 1966)). If the person seeking abatement did not receive pre-suit notice as required by section 542A.003, "[t]he court shall abate the action . . . ." *Id.* at § 542A.005(b)(1). "Abatement is automatic and without court order if the defendant verifies the plea in abatement," alleges failure to comply with section 542A.003, "and the

3

plaintiff does not controvert the verified plea [by filing an affidavit] before the 11th day after the plea in abatement is filed." *Rodriguez*, 2015 WL 12699855, at *4 (citing Tex. Ins. Code § 541.155(c)) (quotations omitted); *see id*. at § 542A.005(c). In either case, an abatement continues until "the 60th day after the date notice" is provided. Tex. Ins. Code § 542A.005(e)(1).

**B.     Applicability**

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer,* 380 U.S. 460, 465 (1965)); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec. 17, 2008) (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law."). "Federal courts are not bound, however, to follow a state law that merely is in some sense substantive, if it is in conflict with the Federal Rules of Civil Procedure." *Nelson v. Myrick*, No. CIV.A.3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (citation and internal quotation marks omitted). If the federal rule in question is "sufficiently broad to cause a direct collision with the state law, or implicitly, to control the issue before the court," there is "no room for the operation of [the state] law." *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987) (internal quotation marks omitted).

The Fifth Circuit does not appear to have considered whether sections 542A.003, 542A.005, or their predecessors are substantive or procedural laws, and whether they should be applied in federal court. Several federal district courts have applied prior versions of sections 542A.003 and

4

542A.005 in response to motions or pleas to abate without discussion of their applicability in federal court, however. *See Landing Council v. Fed. Ins. Co.*, No. 4:15-1902, 2015 WL 13685337, at *4 (S.D. Tex. Oct. 14, 2015) (finding that the action should be abated for 60 days under section 541.155(d) where plaintiff failed to provide proper notice); *Rodriguez*, 2015 WL 12699855, at *5 (abating case where the plaintiff failed to provide proper pre-suit notice); *Shaw v. Zurich Am. Ins. Co.*, No. 2:12-CV-00797-JRG, 2013 WL 12147665, at *1 (E.D. Tex. Mar. 19, 2013) (granting plea in abatement under section 541.155 for failure of notice); *San Marcos Willow Springs, Ltd. v. United States Fire Ins. Co.*, No. A-08-CA-216-LY, 2008 WL 11334013, at *1 (W.D. Tex. May 30, 2008) (finding that an action was automatically abated under section 541.155).[4]

The only district court in this circuit that appears to have considered the applicability of a prior version of section 542A.005 in federal court found that it should not be applied. *See Gaytan v. Underwriters at Lloyds*, No. DR-15-CV-017-AM-VRG, 2015 WL 13134990, at *1 (W.D. Tex. June 3, 2015). In *Gaytan*, the defendant filed a plea in abatement seeking to abate the case because the plaintiffs had not provided pre-suit notice as required under section 17.505 of the DTPA and the prior version of section 542A.005. *Id.*[5] The court noted "that some federal district courts have been receptive to abating suits upon receiving a 'notice' of abatement or a 'plea' in abatement." *Id*. It

---

[4] *See also Avila v. State Farm Lloyds*, No. 7:14-CV-532, 2014 WL 12678353, at *1–2 (S.D. Tex. Sept. 10, 2014); *Flores v. Allstate Ins. Co.*, No. 1:13-CV-613, 2013 WL 12155745, at *1–2 (E.D. Tex. Nov. 6, 2013); *Platas v. Allstate Texas Lloyd's*, No. H-10-4686, 2011 WL 4729872, at *3–5 (S.D. Tex. Oct. 5, 2011); *United Surgical Partners Int'l, Inc. v. Scottsdale Indem. Co.*, No. 3:11-CV-2035-F, 2011 WL 13130076, at *1–2 (N.D. Tex. Aug. 31, 2011); *Lewis v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-4950, 2011 WL 845952, at *4–5 (S.D. Tex. Mar. 8, 2011); *Johnson v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-4074, 2010 WL 11583435, at *1–3 (S.D. Tex. Dec. 28, 2010); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609–10 (N.D. Tex. 2006); *Cleo Bustamante Enters., Inc.*, 2005 WL 1586994, at *1.

[5] The court also considered a joint motion to abate that requested abatement so the parties could attempt to settle the matter. *Gaytan*, 2015 Wl 13134990, at *1. The court denied that motion, finding that the reasons cited in the motion did not warrant abatement, and it would not be "in the interest of judicial economy . . . ." *Id*.

nevertheless found that "abating suits based upon the filing of a plea in abatement citing [542A.005's predecessor] . . . is not . . . appropriate in federal court" because this statute presents "procedural rules applicable to practice in Texas's state courts, but when an action is removed to federal court based on diversity jurisdiction . . . it is federal procedural law and state substantive law that must be applied." *Id*. Although it noted that the purpose of the notice statutes was to "discourage litigation and encourage settlement of consumer complaints," the court found that abating the suit would not serve those purposes because suit had already been filed, and there was no reason the parties could not settle their dispute during discovery, so it denied the plea in abatement. *Id*. at *1-2.

Although the Fifth Circuit has not considered whether sections 542A.003, 542A.005, or their predecessors, are procedural or substantive, and whether they apply in federal court, it has considered a similar notice and abatement requirement in the context of a medical malpractice case. *See Baber v. Edman*, 719 F.2d 122, 123 (5th Cir. 1983). In *Baber*, the plaintiff filed her medical malpractice action in federal court based on diversity jurisdiction, and the defendant physician moved to dismiss her claims for failure to provide the required statutory notice prior to bringing suit. *Id*. at 122–23. The notice statute required a plaintiff asserting a health care liability claim to provide written notice to the defendant "at least 60-days before filing of a suit . . . ." *Id*. at 122 n.1. The district court dismissed the suit without prejudice for failure to provide notice, and the Fifth Circuit subsequently stayed the proceedings to await the Texas Supreme Court's decision in a controlling case. *Id*. at 123.

Following the Texas Supreme Court's finding that the proper remedy was to stay the case, rather than dismiss it, the Fifth Circuit reversed the district court's decision. *Id*. It stated:

6

> This procedural requirement must be met before a medical malpractice claim grounded on Texas law can be filed in a federal court exercising diversity jurisdiction. The Texas legislature's purposes were to encourage the settlement of disputes without litigation and to curb the rising costs of medical malpractice insurance and health care. The legislature intended the notice statute to bind federal courts in Texas, for it would frustrate the purposes of the statute for diversity plaintiffs to neglect furnishing their potential defendants with notice of their intent to file suit and the attendant opportunity to settle in advance of expensive litigation. The notice statute is so intertwined with Texas's substantive policy on medical malpractice actions that, to give that policy full effect, federal courts sitting in diversity must enforce its requirements.

*Id*. (citations omitted). Having determined that the Texas notice statute should be applied in federal court, the Fifth Circuit remanded the case "to the district court with instructions to stay proceedings for sixty days." *Id*. (citing *Schepps*, 652 S.W.2d at 936, 938); *see also Redmond v. Astrazeneca Pharm. LP,* 492 F. Supp. 2d 575, 577–78 (S.D. Miss. 2007) (finding, based on *Baber,* that the pre-suit notice requirement a similar Mississippi statute for health care liability claims also did not conflict with any federal procedural law because it "'impose[d] special requirements that must be met *before* a suit [could] be filed . . . .'") (emphasis in original).

The Fifth Circuit has also applied the DTPA's nearly identical notice requirement without considering its applicability in federal court, and determined that abatement is the proper remedy for failure to provide notice. *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)) (determining that the district court erred when it dismissed, rather than abated, the plaintiff's DTPA claims for insufficient notice); *Int'l Nickel Co., Inc. v. Trammel Crow Distrib. Corp.*, 803 F.2d 150, 156 (5th Cir. 1986) (determining that the plaintiff failed to provide notice as required under the DTPA, and that "the proper remedy is not dismissal of the DTPA claims but abatement of the suit until the notice requirement is

7

satisfied.").[6]

The Fifth Circuit's application of similar notice and abatement requirements in medical malpractice and DTPA cases is instructive. The purpose of the similar notice and abatement requirements of sections 542A.003 and 542A.005 is also to encourage settlement of disputes without litigation. *See Potts*, 2018 WL 1046626, at *7 (citing cases); *Ross*, 2011 WL 11201, at *1 n.1 (citing *Cleo Bustamante Enters., Inc.*, 2005 WL 1586994, at *1). As in *Baber*, "it would frustrate the purposes of the statute" for Plaintiff to fail to provide proper pre-suit notice to Defendants. 719 F.2d at 123. For this reason, the notice statute for actions brought under the Texas Insurance Code likewise presents a procedural requirement that "is so intertwined with Texas's substantive policy" that "federal courts sitting in diversity must enforce its requirements." *See id*. The procedural requirement that an action under the code be abated for lack of proper notice "is no less substantive than the requirement that notice be given." *Redmond*, 492 F. Supp. 2d at 578 (citing cases); *see* Tex. Ins. Code § 542A.005. Accordingly, although sections 542A.003 and 542A.005 present procedural requirements, their relationship to Texas's substantive policy for claims brought under the Texas Insurance Code requires that they be applied in federal court.

**C.    Abatement**

Here, Defendants filed their motion to abate on February 6, 2018, within 30 days of filing

---

[6] "Both the Texas Insurance Code and the [DTPA] require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, 'to encourage settlement and avoidance of litigation.'" *Ross v. Nationwide Ins. Co. Of Am.*, No. H-10-4076, 2011 WL 11201, at *1 n.1 (S.D. Tex. Jan. 3, 2011) (citing *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ.A. SA–05–CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005)). Notice is also required in medical malpractice cases for the same reasons. *See* Tex. Civ. Prac. & Rem. Code § 17.051(a); *Potts v. Walgreens Co.*, No. 3:17-CV-2575-B, 2018 WL 1046626, at *7 (N.D. Tex. Feb. 26, 2018) (citing cases). Failure to provide proper notice results in abatement under the Texas Insurance Code, DTPA, or the Texas Medical Liability Act. *See* Tex. Ins. Code. § 542A.005; Tex. Bus. & Com. Code § 17.505(c), (d), (e); *Potts*, 2018 WL 1046626, at *7 (citing *Schepps v. Presbyterian Hospital of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983)).

8

their answer. (*See* docs. 1-8; 6.) Defendants' motion was verified, and alleged that Plaintiff did not provide proper pre-suit notice as required under section 542A.003. (docs. 6; 6-2.) Specifically, Defendants asserted that Plaintiff "failed to provide 'a statement of the acts or omissions giving rise to the claims,' failed to provide 'the amount of reasonable and necessary attorney's fees incurred . . . ,' and failed to include a statement that a copy of the notice was provided to the claimants." (doc. 6 at 3-4.) Plaintiff did not controvert the motion by filing a affidavit "before the 11th day after the date" Defendants filed their motion. *See* Tex. Ins. Code § 542A.005(c). Accordingly, this action automatically abated under the Texas Insurance Code on February 17, 2018, eleven (11) days after Defendants filed their verified motion, and will remain in abatement until "the 60th day after the date" proper pre-suit notice is provided. *See id*. at §§ 542A.005(a), (e)(1); *San Marcos Willow Springs, Ltd.*, 2008 WL 11334013, at *1 (action automatically abated where the defendant's motion was "verified, allege[d] that [d]efendant did not receive the require[d] notice, and was not controverted by an affidavit from [the p]laintiff filed within eleven days of the motion to abate."); *see also Villarreal v. Scottsdale Ins. Co.*, No. B:12-152, 2012 WL 13048213, at *1 (S.D. Tex. Dec. 10, 2012) (recognizing that the case was previously abated automatically in state court where the defendant filed a verified plea in abatement alleging failure to provide notice, and the plea was not challenged by the plaintiffs); *Grimes & Assoc., Consulting Eng'r, LP v. Nautilus Ins. Co.*, No. 5:10-CV-134-C, 2010 WL 11565406, at *1 (N.D. Tex. Dec. 22, 2010) (considering a motion to re-open a case that was automatically abated by that court after the plaintiff failed to respond to the defendants' verified plea of abatement).

### III. CONCLUSION

Defendants' motion to abate is **GRANTED**. This case is deemed to have been automatically

**ABATED** as of February 17, 2018, and it will remain in abatement until sixty (60) days after the date Plaintiff provides Defendants with proper pre-suit notice. The parties are ordered to file a joint status report regarding the status of the completion of this requirement no later than thirty (30) days from the date of this order.

    **SO ORDERED** on this 6th day of April, 2018.

                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE